UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-20550-CR-5-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAZARO DANIEL COLLAZO,

    Defendant.
_____/

**REPLY TO DEFENDANT'S RESPONSE TO PETITIONERS'
MOTION FOR ENTRY OF CONFIDENTIALITY ORDER
AND REQUEST FOR EVIDENTIARY HEARING**

**PETITIONERS** Susy Ribero-Ayala, Susy Ribero-Ayala, P.A., Julio J. Ayala, and Law Offices of Julio J. Ayala, P.A. (collectively "Petitioners") herein file this reply to Defendant Lazaro Daniel Collazo's ("Collazo") response (ECF328) to Petitioners' motion for a confidentiality order and request for evidentiary hearing pursuant to S.D.Fla.L.R. 88.9(b).

    I.    Collazo's counsel's claim that his office did not receive any financial records from Wells Fargo is disputed by bank representatives

According to Collazo's counsel, Frank Quintero ("Quintero"), Petitioners' motion for a confidentiality order should be denied because neither "counsel and/[n]or his office []ever received any documents from Wells Fargo, or any other bank pertaining to the Ribero-Ayala Parties." ECF328:3. In his Response, Quintero further represented that "the only records and/or documents pertaining to the Ribero-Ayala Parties were obtained via the Court's prior Orders regarding

the Rule 17(c) Subpoenas issued to Major League Baseball, Anthony Bosch's attorneys, and Mr. Bhalraj Badree." *Id.* at 4 (emphasis by Quintero). Quintero describes Petitioners' motion as "full of scandalous allegations and accusations aimed at impugning the undersigned's (and his office's) reputation", and "improper … and frivolous … which have forced the undersigned's office to divert resources from other pressing matters to respond to said pleadings", and the "most egregious example of wasting the Court's and undersigned's time." ECF328:4, 6. Quintero posits that had Petitioners "simply contacted their bank(s) and determined what records, if any, were produced to the undersigned … they would have been made aware that Wells Fargo (or any other bank) did not produce any records and would have avoided the filing of Petitioner's Motion and this Response." ECF328:3-4. Quintero is so indignant about Petitioners having filed this motion that he has "request[ed] that this Court sanction the Ribero-Ayala Parties by awarding attorney's fees to the undersigned, and/or fining the Ribero-Ayala Parties, and/or by imposing disciplinary action" and striking Petitioners' motion from the record so it "could [not] be used by future litigants to improperly impugn the undersigned and his office's litigation tactics and ethics." ECF328:6-7.

      Sadly, the truth betrays Quintero's position. Petitioners did do their due diligence in not only initially contacting Wells Fargo Bank but later confirming that they did, in fact, email Petitioners' bank records to Quintero's office on March 6, 2015, to [fqsec@quinterolaw.net](mailto:fqsec@quinterolaw.net)*.* Specifically, three different Wells Fargo Bank representatives from their Subpoena Department have confirmed with undersigned counsel and her legal assistant in various telephone conversations

that Wells Fargo Bank redacted statements were provided electronically (via an e-mail address previously unknown to undersigned counsel) to Frank Quintero's office on March 6, 2015.[1]

> II. Neither Quintero, Collazo nor any other third party has a right to keep any bank records concerning Petitioners they obtained legally or illegally after Collazo plead guilty and was sentenced

Quintero argues inconsistent theories why this Court should not enter a confidentiality order. First, he says that neither he "[n]or his office []ever received any documents from Wells Fargo, or any other bank pertaining to the Ribero-Ayala Parties." ECF328:3. If that were true, that would render moot the need for a confidentiality order and to interpose other grounds advocating denial. However, undersigned counsel previously requested Quintero to return all of Petitioners private banking information, which also included banking information belonging to their two daughters, ages 19 and 15, because he no longer had any legitimate purpose for keeping or reusing those records and Quintero advised undersigned counsel (in emails on or shortly after March 9, 2015) that "[a]ll documents obtained are part of my investigation and will not be returned", and that he would "not be returning any documents to any third party which provided records pursuant to valid subpoenas issued by [him]". In support of that position, Quintero has failed to cite to any legal basis or authority that would allow him to retain, use or disseminate Petitioners financial information after Collazo entered

---

[1] Undersigned counsel has been and is continuing to try to obtain confirmation in writing from Wells Fargo Bank that they sent Petitioners bank records to Quintero's office on March 6, 2015 (which Wells Fargo Bank has promised to provide). If this Court grants Petitioners request for an evidentiary hearing (as set forth below), undersigned counsel believes such proof will be forthcoming and available for presentation at any scheduled hearing.

his guilty plea. Assuming Quintero obtained financial records from banks pursuant to Rule 17(c) subpoenas or through other means, what reason could Quintero possibly have to want to keep them?

Alternatively, Quintero submits "that the requests by the Ribero-Ayala Parties would force the undersigned counsel to reveal its investigative and pre-trial techniques to third parties, whom would otherwise not be entitled to such information." ECF328:4. Since Petitioners' request for a confidentiality order is limited to documents obtained by Collazo pursuant to Rule 17(c) subpoenas and Court-ordered discovery, what investigative and pretrial techniques to third parties could Quintero be objecting to reveal unless they were illegal? Paradoxically, Quintero does not want this Court or Petitioners to know of the means he used (other than through Rule 17(c) subpoenas or Court-ordered discovery) to obtain bank records he claims he does not have. Quintero's circuitous argument only raises more questions concerning the propriety of the manner in which he acquired banking records and his intransigence about identifying them.

Lastly, Quintero mistakenly contends that since he lawfully obtained bank documents pursuant to a Rule 17(c) subpoena that Petitioners thereafter ceased having any privacy rights in those records. He submits that Article I, Section 23 of the Florida Constitution and F.S. §655.059 are inapplicable to him or Collazo because his "actions in undertaking discovery pursuant to Rule 17(c), Fed. R. Crim. P., do[] not constitute governmental action." ECF328:5. But that is not the law in this district or in Florida. "Florida courts have held that court orders compelling discovery constitute state action for purpose of constitutional privacy

4

rights". *Frenkel v. Acunto*, 2014 WL 4680738, *4 (S.D.Fla.)(citing *Berkeley v. Eisen, 699 So.2d 789, 790 (Fla. 4th DCA 1997)*). As a result, a confidentiality order limiting documents' use to the pending litigation is appropriate to assure nonparties under F.S. §655.059 that their confidential financial records will not be disclosed or reused after the conclusion of the case in which production is compelled. *See Berlinger v. Wells Fargo, N.A.*, 2012 WL 640708, *8 (M.D.Fla.).

III.   Request for Evidentiary Hearing

Pursuant to S.D.Fla.L.R. 88.9(b), Petitioners request an evidentiary hearing upon their motion. Since Quintero has represented that he has not received any financial records regarding Petitioners from any bank *and* also refused to return to Petitioners those same records he supposedly never received, and Wells Fargo Bank has advised Petitioners that they did email Petitioners' bank records to Quintero in response to a Rule 17(c) subpoena, an evidentiary hearing at which Quintero and Wells Fargo Bank employees/documents could be examined would assist this Court in determining what the material facts are before ruling upon Petitioners' motion.

                                      Respectfully submitted,

                                      Susy Ribero-Ayala, P.A.
                                      201 Alhambra Circle, Ste 1200
                                      Coral Gables, Florida 33134
                                      Tel.: (305) 854-4711
                                      Email: Susy@RiberoAyalaLaw.com

                  By:    <u>/S/ Susy Ribero-Ayala</u>
                          Susy Ribero-Ayala, Esq.

5

**Certificate of Service**

**I hereby certify** that on April 9, 2015 a true and correct copy of the foregoing document was filed with the Clerk of this Court and served by CM/ECF on counsel of record.

        By:    /S/ Susy Ribero-Ayala
              Susy Ribero-Ayala, Esq.