UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20550-CR-ALTONAGA/GARBER

UNITED STATES OF AMERICA,

    Plaintiff,
v.

LAZARO DANIEL COLLAZO,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE has been referred to the undersigned by United States District Judge Cecilia M. Altonaga on the following motions:

1. Third-party petitioners, Susy Ribero-Ayala, Susy Ribero-Ayala, P.A., Julio J. Ayala, and Law Offices of Julio J. Ayala, P.A.'s Motion for Entry of Confidentiality Order, etc. and to Compel the Return of those Records, Documents, etc. (DE 317);

2. Counsel for defendant, movants, Lazaro Daniel Collazo, Quintero Broche, P.A. and Frank Quintero, Jr.'s Emergency Motion for Protective Order and/or to Quash Subpoenas Pursuant to Rule 17(c), Fed. R. Crim. P. (DE 333); and

3. Third-party petitioners' Motion to Strike Quintero Broche, P.A. and Frank Quintero, Jr.'s Emergency Motion for Protective Order and/or Quash Subpoenas, etc. (DE 337).

The Court has received defendant Collazo's response in opposition to the third-party petitioners' first motion (DE 328); the third-party petitioners reply thereto (DE 330); as well as Collazo's Notice of Filing Supplemental Composite Exhibits 2 and 3 (DE 334). A hearing was held on April 20, 2015 at which attorney Susy Ribero-Ayala appeared and argued on behalf of the third-party petitioners and Frank Quintero appeared and argued on behalf of the defendant and the emergency motion movants. The Court has carefully reviewed the pertinent docket entries in this matter and considered the

parties' arguments.

      A.      **The third-party petitioners' Motion for Entry of Confidentiality Order, etc. (DE 317) is hereby GRANTED IN PART and DENIED IN PART.**[1]

The relief sought by the third-party petitioners' motion is twofold: a confidentiality order; and an order compelling the return of certain documents. With respect to the request for a confidentiality order, the third-party petitioners wish to prevent the disclosure of private information that was obtained by Collazo and his counsel pursuant to Rule 17(c) subpoenas and discovery during the course of this case. The request is reasonable. Any private information that was produced was disclosed only for the purposes of this case. The petitioners ask for a confidentiality order that would prevent Collazo and his attorneys from ever discussing "the contents of any records subpoenaed or ordered produced by [p]etitioners by this Court with any other person or entity." (Pets.' Mot., DE 317, 10.) During argument, Mr. Quintero expressed concern that so broad an order would prevent him from complying with future requests for the information from various governing or official bodies. The Court thus carves out an exception to the enunciated confidentiality restriction and allows that Collazo and his attorneys may comply with any future properly issued subpoenas requesting the information at issue without violating the instant order. Otherwise, the Court hereby ORDERS that any such information shall be held in strict confidence. Neither Collazo nor any of his attorneys shall disclose or disseminate any of the third-party petitioners' private financial information that was disclosed during the course of the instant case, as set forth in this order.

The petitioners also ask that Quintero and his affiliates return any documents received throughout the course of discovery or through Rule 17(c) subpoenas. The Court finds this request to be reasonable as well and hereby ORDERS that Quintero return any documents or records

---

[1]The petitioners, in their reply (DE 330, 5) requested an evidentiary hearing. Such a hearing was not necessary for the Court's consideration of the motion.

containing information from financial institutions to the entity that produced them. Thus if Quintero received any documents from a financial institution, he shall return them to the financial institution that supplied them. If, however, he received any documents containing financial institution information from any of the petitioners, he shall return those to the petitioner who supplied them. Quintero is also ORDERED not to make or retain any copies of any the financial institution documents: this litigation concluded over a month ago with the entry of judgment after Collazo plead guilty to count one of the superseding information in this case. These documents were produced for the sole purpose of this litigation—there is no reason that Quintero should have any continuing need for the documents. Quintero conceded as much during argument, agreeing with the Court that there is no reason for him to retain the records.

On the other hand, the petitioners also request that Quintero and his affiliates: "[i]dentify the financial institutions from which he obtained documents concerning Petitioners pursuant to Rule 17(c) subpoenas"; "[r]eturn any documents which he obtained from financial institutions concerning Petitioners pursuant to Rule 17(c) subpoenas to Petitioners"; "[d]isclose if any documents subpoenaed by Collazo or ordered produced by Petitioners by the Court have been disseminated to any other person or entity (and if so, who[m])"; and "retrieve any subpoenaed records or documents ordered produced by Petitioners by this Court that it has disseminated to any other person or entity." (*Id*.) These specific requests are all DENIED. Quintero need not identify the institutions from which he obtained documents—he must simply return any documents received to those entities that provided them, as detailed above. Further, the petitioners are not themselves entitled to the documents received from any financial institutions—those documents are the records of those institutions and the petitioners are not themselves entitled to them. Lastly, the Court will not permit these post judgment motions to devolve into a fishing expedition—the Court finds no basis on the

record before it to order Quintero to make the disclosures or retrievals requested.

Lastly, Quintero, in his response to the petitioners' motion, asked the Court to sanction the petitioners for accusing him of illegally obtaining certain documents. (Def.'s Resp. DE 328, 6.) Although not properly raised, the Court nonetheless addressed this issue at the hearing. Counsel for the petitioners acknowledged that she had misused the word "illegal" and has been admonished for doing so. The Court finds that this sufficiently disposes of the concerns raised by Quintero.

B. **Movants Quintero et al.'s Emergency Motion for Protective Order and/or to Quash Subpoenas, etc. (DE 333) is hereby GRANTED**.

As there was no evidentiary hearing and this order concludes all matters in this cause, the subpoenas at issue are hereby quashed.

C. **Third-party petitioners' Motion to Strike Quintero Broche, P.A. and Frank Quintero, Jr.'s Emergency Motion for Protective Order and/or Quash Subpoenas, etc. (DE 337) is hereby GRANTED IN PART and DENIED IN PART.**

Although Quintero's Emergency Motion was improperly raised, the Court found it expedient to dispose of the issues raised therein regardless, as noted above and as addressed in open court. Thus the petitioners' request to have Quintero's emergency motion sticken is DENIED. The petitioners' request, however, to have Collazo's Notice of Supplement Composite Exhibits, etc. stricken, is well taken. Such materials should have been provided with his response and not filed separately, over two weeks later. This aspect of the petitioners' motion is therefore GRANTED and Quintero's Notice of Filing Supplemental Composite Exhibits, etc. (DE 334) is hereby stricken.

D. **Conclusion**

Both of the petitioners's motions (DE 317 & 337) are GRANTED IN PART and DENIED

IN PART. Quintero's emergency motion (DE 333) is GRANTED.

This ruling concludes ALL further matters in this cause.

DONE AND ORDERED in Chambers at Miami, Florida this 21st day of April 2015.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE